IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHRISTOPHER LASHAWN MONTGOMERY**                     **PLAINTIFF**

V.                                                                       **NO. 1:22-CV-178-DMB-DAS**

**THOMAS CULPEPER, Lowndes
County Sheriff Department Narcotics
Unit; and CIRCUIT COURT JUDGE,
Lowndes County Circuit Court**                                   **DEFENDANTS**

## ORDER

On November 30, 2022, Christopher Lashawn Montgomery filed a complaint in the United States District Court for the Northern District of Mississippi against Thomas Culpepper and an unnamed "Circuit Court Judge," asserting 42 U.S.C. § 1983 claims based on alleged violations of his First, Fourth, and Fourteenth Amendment rights. Doc. #1. On December 7, 2022, United States Magistrate Judge David A. Sanders ordered Montgomery to show cause "why his claims against the unnamed Circuit Court Judge should not be dismissed under the doctrine of absolute judicial immunity." Doc. #7 at PageID 13. The next day, Judge Sanders ordered Montgomery to "provide the court with a valid address for service of process on Thomas Culpepper." Doc. #8. Montgomery did not respond to either order.[1]

On January 6, 2023, Judge Sanders issued a Report and Recommendation ("R&R") recommending that (1) Montgomery's claims against Culpepper "be dismissed under Federal Rule of Civil Procedure 41(b) for his failure to comply with the court's December 8, 2022 Order;" and (2) his claims against the unnamed circuit court judge "be dismissed under the doctrine of complete

---

[1] A "Notice of Case Assignment" mailed to Montgomery was returned as undeliverable on January 17, 2023. Doc. #10. However, Montgomery consented to receive documents electronically, Doc. #3, and electronic notifications for both orders were sent to the e-mail address Montgomery provided.

judicial immunity." Doc. #9 at PageID 17. No objections to the R&R were filed and the time within which to do so has passed.

"With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F. Supp. 2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)). The Court has reviewed the R&R and finds no plain error on the face of the record. Accordingly, the R&R [9] is **ADOPTED** as the order of this Court; Montgomery's claims against the unnamed judge are **DISMISSED with prejudice**; and Montgomery's claims against Culpepper are **DISMISSED without prejudice**.

**SO ORDERED**, this 23rd day of January, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**